[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above matters have been consolidated for trial. Both are appeals from the Board of Tax Appeal for the City of Waterbury, concerning the assessments on the lists of October 1, 1992 and October 1, 1993. Both properties are operated and managed as a single residential housing property. Although the Board of Tax Review reduced the assessment of the properties which are the subject of this appeal, the plaintiff claims that the reduction was insufficient, and therefore, appealed to this court seeking a further reduction.
The properties in question are federally financed low and moderate income housing and are regulated by the Department of Housing and Urban Development (HUD). Since the rents are regulated by HUD, the plaintiff claims that when the City, by ordinance, required the owners of apartment dwellings to pay for collection of waste, the value of their real estate was reduced. Plaintiff appealed on this basis to the Board of Tax Review, and ultimately, to this court. The parties acknowledge that the fair market value of these properties is determined by the capitalization or net income approach, as mandated by § 8-216a
of the Connecticut General Statutes. The plaintiff, therefore, argues that the additional expense incurred in hiring private contractors to remove the rubbish and waste from this housing project is a negative factor in arriving at fair market value, utilizing the capitalization theory of valuation. The plaintiff, through its appraiser's reports (Plaintiff's Exhibit B, pgs. 10-11), indicated that the cost of garbage and trash for CT Page 7869 one project was $5,000.00, and in the other project, it was $10,154.00, compared to income in the first project of $477,411.00, and in the other project of $836,615.00.
The plaintiffs' only witness was an appraiser, Ted G. Sarris. Mr. Sarris' testimony concerned the reduction in value of the instant properties beyond the reduction awarded to these plaintiffs from the Board of Tax Review. Mr. Sarris' report was introduced into evidence and marked as Plaintiff's Exhibit B. Mr. Sarris testified that he arrived at market value using the "capitalization" or "income approach" and deducted debt service or interest on mortgage as an expense (Plaintiff's Exhibit B, 10-11). Utilizing this approach, Mr. Sarris testified that he applied the customary formula, deducted that debt service, and arrived at negative values for the properties in question. Admitting that the properties had, in fact, positive value, Mr. Sarris concluded that the positive values that he attributed to the properties listed on page 12 of his report (Plaintiff's Exhibit B) were `prudent' and `just.' This witness offered no credible explanation how he bridged the gap from negative value resulting from utilizing the capitalization approach to the positive value, which he set forth in page 12 of his report.
The defendant offered the testimony of its expert witness, Michael Moriarty, who testified that it was not proper to deduct debt service as an expense to determining actual values using the capitalization or income approach of valuation. The court accepts Mr. Morriarty's explanation that Mr. Sarris' erroneous application of the capitalization approach resulted in the properties' negative values.
It is the plaintiff's burden to prove that the assessment of the properties was excessive or illegal. Chapman v.Ellington, 33 Conn. App. 270, 280.
 The ultimate decision for the [trial] court is court whether, considering all of the evidence . . . the plaintiff has proved by a fair preponderance of the evidence that any of the assessments on its property were illegal or excessive. Our Supreme Court has noted that this is a difficult burden. . . . [P]roper deference must be given to the judgment and experience of assessors. . . . In applying this principle, [t]he law contemplates that a wide discretion is to be CT Page 7870 accorded to assessors. . . . Only if the court finds that the property has been overvalued by the assessors, can it exercise its power to correct the valuation.
(Citations omitted; internal quotation marks omitted.) Id.
The court does not accept the opinion of the plaintiffs' only expert as credible, and therefore, the plaintiff has failed to sustain his burden of proof. Accordingly, the court does not find that the properties in question were either illegally or excessively assessed by the defendant, City of Waterbury and, therefore, the court cannot exercise its power to correct the valuations of the properties as set by the Board of Tax Review on April 14, 1993.
Judgment shall enter on behalf of the defendants in both of the above matters.
PELLEGRINO, J.